959 F.2d 242
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Sidney MAIDEN, Defendant-Appellant.
 No. 91-50039.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 8, 1992.*
Decided April 13, 1992.
 
 Before HUG, O'SCANNLAIN and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Sidney Maiden appeals his conviction, following a jury trial, for knowing possession of a firearm after having been convicted of three crimes punishable by terms of imprisonment exceeding one year, in violation of 18 U.S.C. § 922(g)(1). Maiden contends that the district court erred by denying his motion to suppress the firearm he was carrying and statements made to police because the police lacked a founded suspicion to stop and frisk him. Maiden also contends that the district court erred by denying his request for an evidentiary hearing on this issue. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 * The Stop and Frisk
 
 
 4
 Mixed questions of law and fact in a motion to suppress evidence obtained from a warrantless search are reviewed de novo. United States v. Johnson, 820 F.2d 1065, 1072 (9th Cir.1987).
 
 
 5
 A traffic violation constitutes criminal conduct sufficient to support a brief investigatory stop of a vehicle. United States v. Baker, 850 F.2d 1365, 1368 (9th Cir.1988). Under limited circumstances, once officers lawfully stop a vehicle they may conduct a weapons search of the vehicle's occupants. United States v. Salas, 879 F.2d 530, 535 (9th Cir.), cert. denied, 110 S.Ct. 507 (1989). The standard for justifying a frisk is "whether a reasonably prudent person in the circumstances would be warranted in the belief that his or her safety or that of others was in danger." United States v. Thomas, 863 F.2d 622, 628 (9th Cir.1988). "We determine whether there was a founded suspicion for a pat-down search based on a totality of the circumstances." Salas, 879 F.2d at 535. If the officer "has reason to believe that the suspect is armed and dangerous, the officer may conduct a limited weapons search." Thomas, 863 F.2d at 628.
 
 
 6
 Here, our review of the record indicates and Maiden concedes that the officers initiated a valid traffic stop of the vehicle in which he was a passenger. Maiden argues, however, that the subsequent pat-down search was not supported by a reasonable fear that Maiden posed a risk to the officers' safety. We disagree. In their declarations, arresting Officers Diane Burns and Duane McClain stated that after stopping the vehicle, the following factors caused them to fear for their safety and frisk Maiden: (1) during the prior week, persons identifying themselves as members of a local gang known as the Hoover Crips had made threats of violence to local officers; (2) Crips gang members are extremely violent and take pride in killing police officers; (3) immediately following the stop, Maiden and three other male occupants exited the vehicle, and Maiden appeared to stagger as if intoxicated; (4) the clothing worn by Maiden was known to the officers to be associated with the Crips gang; (5) upon being asked by the officers whether he was associated with the Crips, Maiden responded that he was a member and told the officers his "street name;" (6) Maiden's baggy clothing could conceal a weapon; and (7) the officers stopped the vehicle at 9:30 p.m. in a neighborhood with a high incidence of gang activity and violent crime. In light of the officers' knowledge of the area and its gang activity, together with the events that took place following the vehicle stop, we hold that the pat-down search of Maiden was supported by a founded suspicion that he was armed and dangerous. See Salas, 879 F.2d at 535. Accordingly, the district court did not err by denying Maiden's motion to suppress the firearm seized from him.
 
 II
 Denial of an Evidentiary Hearing
 
 7
 Maiden contends that an evidentiary hearing on his motion to suppress was necessary to permit him to dispute the sufficiency of the facts presented by the government to justify the search and arrest.
 
 
 8
 We review for an abuse of discretion the district court's decision not to hold an evidentiary hearing on a motion to suppress. Center Art Galleries-Hawaii, Inc. v. United States, 875 F.2d 747, 754 (9th Cir.1989). "An evidentiary hearing is generally required 'if the moving papers are sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that contested issues of fact going to the validity of the search are in issue.' " Id. (quoting United States v. Walczak, 783 F.2d 852, 857 (9th Cir.1986). If the affidavits submitted by both parties show as a matter of law that the defendant is or is not entitled to relief, no evidentiary hearing is required. United States v. Irwin, 612 F.2d 1182, 1187 (9th Cir.1980).
 
 
 9
 Here, the district court found that an evidentiary hearing was unnecessary because Maiden had not challenged the facts nor raised any specific issues over statements made in the declarations. Maiden concedes that at the time of the motion to suppress he could not point to specific factual disputes raised by the officers. Accordingly, we conclude that the district court did not abuse its discretion by denying Maiden an evidentiary hearing on his motion to suppress. See Center, 753 F.2d at 754; Irwin, 612 F.2d at 1191.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3